Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc. and*
*WowWee USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC. and WOWWEE USA, INC., <br> *Plaintiffs* <br><br> v. <br><br> MEIRLY, MEMO, MENGNAN MAKER, MEN'S FASHION SHOES STORE, MILANOOPANDA, MISS MOON, MOONLIGHTLOVER, MOST TIME, NECESSARYCLOTHING, NEW FASHION PRODUCT TOY, NEWPAGE0, NICE DEAL SHOP, OCEANSTARS, OVERSEE, PACENTO OFFICAL SHOES STORE, PARDARG, PENCILCASE, PPBAO, QINGCHUNANGRAN, QINGYANGXINXIU, QINSHI, QUENTIN TIN, RELL MAIL, RFHNGMTRTNJJTED, ROMANTICSHOPPING, ROSEWHOLESALEBUYING, RUN-RABBIT, SC888999, SDFGH, SEXY WOMEN DRESS, SHENZHEN YURIY TRADING CO., LTD., SHENZHENXINSHIDAIDIANZISHANGWUDI AN, SHOPSTYLE, SMARTWEICONG, SONG789, SUMMERDANCE, SUMMERDEAL, SUNSHINE ONON, SUPERLLV, THE GIRL TO | CIVIL ACTION No. ___ <br><br><br><br> **COMPLAINT** <br><br> **Jury Trial Requested** <br><br> **FILED UNDER SEAL** |

HEAVEN, THE MOST ROMANTIC THING, THEBAY, TIAN MA KE JI, TIANHONGYIHUA, TOBEST2016, TOMORROWSUNSHINEE, TOPBUAUTY, TSUNEYO MACHINERY ACCESSORIES, TVG, VALUEQUALITYANDSERVICE, WANELOLIFE, WANTINGTING233, WARM COCOA COFFEE, WENSHUIXIANG, WH, WINDLYFLY, WOO CHANT, WORLD TRADING COMPANY, WORLDMAKEUP, WUMANNA, XIAOFENG001, XIAOXIANGZI418, XINGYUEXIAOBAODIAN, YANGRONGXXMM@163.COM, YANGTTE, YAYABB STORE, YIKUKUNANZHUANG, YIQIUMEI, YIWUTENGYUE, YJ STYLISH STORE, YJNFNHY, YOYO003, YUGUIHAI, YUTAO, Z_LIVING, ZDSS, ZHANGMINGHAO, ZHANGSHAOPING85, ZHANGWEM3, ZHANGYAZI, ZHANGYILIN66, ZHI JIA DAILY NECESSITIES and ZSJ,
*Defendants*

Plaintiff WowWee Group Limited, a company organized in Hong Kong, Plaintiff WowWee Canada, Inc., a company organized in Canada and Plaintiff WowWee USA, Inc., a corporation organized under the State of Delaware ("WowWee" or "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of WowWee's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*.; counterfeiting of WowWee's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of WowWee's federally registered copyrights in violation of

the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. and related state and common law claims (the "Action"), arising from Defendants Meirly, Memo, MENGNAN MAKER, Men's fashion shoes store, milanoopanda, Miss Moon, Moonlightlover, Most time, Necessaryclothing, New Fashion Product Toy, NewPage0, Nice Deal Shop, Oceanstars, oversee, Pacento Offical Shoes Store, pardarg, pencilcase, ppbao, qingchunangran, qingyangxinxiu, qinshi, Quentin tin, Rell Mail, rfhngmtrtnjjted, Romanticshopping, Rosewholesalebuying, Run-rabbit, sc888999, sdfgh, sexy women dress, Shenzhen Yuriy Trading Co., Ltd., shenzhenxinshidaidianzishangwudian, Shopstyle, smartweicong, SONG789, summerdance, Summerdeal, sunshine onon, superllv, The girl to heaven, the most romantic thing, Thebay, TIAN MA KE JI, Tianhongyihua, tobest2016, TomorrowSunshinee, topbuauty, Tsuneyo machinery accessories, TVG, Valuequalityandservice, wanelolife, wantingting233, Warm cocoa coffee, wenshuixiang, wh, windlyfly, Woo Chant, World trading company, worldmakeup, wumanna, Xiaofeng001, xiaoxiangzi418, xingyuexiaobaodian, yangrongxxmm@163.com, yangtte, yayabb store, yikukunanzhuang, yiqiumei, yiwutengyue, YJ Stylish store, yjnfnhy, yoyo003, yuguihai, yutao, z_living, ZDSS, zhangminghao, zhangshaoping85, ZhangweM3, zhangyazi, zhangyilin66, Zhi jia daily necessities and ZSJ (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of the Fingerlings Works (as defined *infra*) and Fingerlings Marks (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of WowWee's Fingerlings Products (as defined *infra*).

## JURISDICTION AND VENUE

1.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an

action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright

Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims

for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there

is diversity between the parties and the matter in controversy exceeds, exclusive of interests and

costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant

to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal

claims brought in this Action as to form part of the same case or controversy.

2.      Personal jurisdiction exists over Defendants in this judicial district pursuant to

N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil

Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact

and/or solicit business in New York and in this judicial district, and/or derive substantial revenue

from their business transactions in New York and in this judicial district and/or otherwise avail

themselves of the privileges and protections of the laws of the State of New York such that this

Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play

and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to

WowWee in New York and in this judicial district such that Defendants should reasonably expect

such actions to have consequences in New York and in this judicial district, for example:

a.   Upon information and belief, Defendants were and/or are systematically directing

and/or targeting their business activities at consumers in the U.S., including New York,

through accounts with online marketplace platforms such as Wish (as defined *infra*) as well

as any and all as yet undiscovered accounts with additional online marketplace platforms

held by or associated with Defendants, their respective officers, employees, agents,

servants and all persons in active concert or participation with any of them ("User

4

Accounts"), through which consumers in the U.S., including New York, can view the one or more of  Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

    b.   Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

    c.   Upon information and belief, a majority of Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S.

    d.   Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.   Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

f.   Upon information and belief, Defendants are aware of WowWee, their Fingerlings Products, Fingerlings Works and Fingerlings Marks, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to WowWee in the U.S., in New York and in this judicial district specifically, as WowWee conducts substantial business in New York.

3.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

**THE PARTIES**

4.     Plaintiff WowWee Group Limited in a company organized in Hong Kong with a principal place of business at Energy Plaza, 3F, 92 Granville Road, T.S.T. East, Hong Kong.

5.     Plaintiff WowWee Canada, Inc. is a Canadian corporation with a principal place of business at 3700 Saint Patrick, Suite 206, Montreal, Quebec H4E 1A2, Canada.

6.     Plaintiff WowWee USA, Inc. is a Delaware corporation with a registered office at 7855 Fay Avenue, Suite 310, La Jolla, California 92037.

7.     Upon information and belief, Defendants are merchants on the Wish.com online marketplace platform, which, upon information and belief, is owned by ContextLogic, Inc., a Delaware corporation with a principal place of business at One Sansome Street, 40th Floor, San Francisco, CA 94104, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### WowWee and Their Well-Known Consumer Products

8.      WowWee is a leading designer, developer, marketer, and distributor of innovative robotic toys and consumer entertainment products ("Authentic Products").   WowWee promotes and sells their Authentic Products, including their Fingerlings Products, throughout the U.S. and the world through major retailers, quality toy stores, department stores and online marketplaces, including, but not limited to, Toys R Us, Target, Walmart, Amazon and Gamestop.

9.      One of WowWee's most popular and successful products are their interactive, hand-held robotic toys that react to sound, motion, and touch and are designed to look like various animals and/or other characters, for example, monkeys, unicorns and sloths ("Fingerlings Product(s)").   Images of the Fingerlings Products are attached hereto as **Exhibit A** and incorporated herein by reference.

10.     The Fingerlings Products achieved great success since their introduction in January of 2017.

11.     Moreover, the Fingerling Products are widely recognized as the must-have toy product for 2017 as indicated by the toy industry's leaders and features in major news outlets including, but not limited to, TTPM, Money Magazine, Good Housekeeping, Business Insider, Newsday, Yahoo!, The Toy Insider and CNN.

12.     WowWee owns both registered and unregistered copyrights in and related to the Fingerlings Products and associated packaging.

13.     WowWee has protected their valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Fingerlings Products.   For example, WowWee is the owner of the following U.S. Copyright Registrations Nos.: VAu 1-289-245 covering the Fingerlings Monkey, VA 2-068-259 covering the Fingerlings Monkey Packaging, VA 2-068-835 covering the

Fingerlings Unicorn, VA 2-070-852 covering the Fingerlings Unicorn Packaging, VA 2-070-721 covering the Fingerlings Sloth, VA 2-074-389, covering the Fingerlings Sloth Packaging and TX 8-431-649 covering the Fingerlings Monkey User Manual (collectively referred to as the "Fingerlings Works").  True and correct copies of the U.S. copyright registration certificates and the corresponding deposit materials for the Fingerlings Works are attached hereto as **Exhibit B** and incorporated herein by reference.

14.     While WowWee has gained significant common law trademark and other rights in the Fingerlings Products through their use, advertising and promotion of the same, WowWee has also sought to protect their valuable rights by filing for and obtaining federal trademark registrations.

15.     For example, WowWee owns the following U.S. Trademark Registration Nos.: U.S. Trademark Registration No. 3,289,747 for "WOW WEE" for a variety of goods in Class 9 and Class 28, U.S. Trademark Registration No. 4,505,483 for  ☻  for a variety of goods in Class 9 and Class 28 and U.S. Trademark Registration No. 5,325,724 for "FINGERLINGS" for a variety of goods in Class 28 (collectively referred to as the "Fingerlings Marks").  True and correct copies of the trademark registration certificates for the Fingerlings Marks are attached hereto as **Exhibit C** and incorporated herein by reference.

16.     The Fingerlings Marks are currently in use in commerce in connection with the Fingerlings Products.

17.     The Fingerlings Products generally retail for $14.99.

18.     WowWee spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the Fingerlings Products, Fingerlings Works and Fingerlings Marks.

19.     The success of the Fingerlings Products is due in large part to WowWee's marketing, promotional and distribution efforts.  These efforts include advertising and promotion through television, WowWee's website, https://fingerlings.com, retailer websites and other internet-based advertising, print and other efforts both domestically and abroad.

20.     WowWee's success is also due to their use of high quality materials and processes in making the Fingerlings Products.

21.     Additionally, WowWee owes a substantial amount of the success of the Fingerlings Products to their consumers and word-of-mouth buzz that their consumers have generated.

22.     As a result of WowWee's efforts, the quality of their Fingerlings Products, their promotions, extensive press and media coverage and word-of mouth-buzz, the Fingerlings Products, Fingerlings Works and Fingerlings Marks have become prominently placed in the minds of the public.  Members of the public have become familiar with Fingerlings Products, Fingerlings Works and Fingerlings Marks, and have come to recognize the Fingerlings Products, Fingerlings Works and Fingerlings Marks and associate them exclusively with WowWee.  WowWee has acquired a valuable reputation and goodwill among the public as a result of such associations.

23.     WowWee has gone to great lengths to protect their interests in and to the Fingerlings Works and Fingerlings Marks.  No one other than WowWee is authorized to manufacture, import, export, advertise, offer for sale or sell Fingerlings Products, or any other goods utilizing the Fingerlings Works or Fingerlings Marks, without the express written permission of WowWee.

**Wish and Defendants' User Accounts**

24.     Wish.com is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for

sale, sell and ship their retail products originating primarily from China,[1] among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York (hereinafter, "Wish").

25.     A majority of the third-party merchants that have User Accounts with and operate Merchant Storefronts on Wish, like Defendants, are located in China.[2]  As of May 2015, over 40 million items from 100,000 User Accounts were available on Wish.[3]  Between June 2014 and May 2015, nearly 100 million distinct User Accounts became registered on Wish.[4]  Currently, Wish claims a base of over 300 million users.[5]  As one of the leaders of the worldwide e-commerce and digital retail market, Wish has generated billions in sales worldwide.[6]  Sales to the U.S. make up a significant percentage of the business done on Wish.  For example, online sales account for 8.6% of all retail transactions in the U.S., and nearly 8% of online shopping done by teenagers was performed using Wish, which is second only to Amazon.com.[7]  On Cyber Monday of 2017, Wish accounted for 6.2% of teenager spending.[8]  Currently, Wish is valued at over $8 billion, which is more than the market value of three of the largest traditional retailers in the U.S.[9]

---

[1] *See* Armando Roggio, *Ecommerce Lessons from the Wish Shopping App*, PRACTICALECOMMERCE (Jan. 7, 2015), https://www.practicalecommerce.com/Ecommerce-Lessons-from-the-Wish-Shopping-App.

[2] *See* Greg Bensinger, *Wish, a Direct-From-China Shopping App, Lures Bargain Hunters*, WALL STREET JOURNAL (May 19, 2015), https://www.wsj.com/articles/wish-a-direct-from-china-shopping-app-lures-bargain-hunters-1431909072.

[3] *See id.*

[4] *See id.*

[5] *See* WISH.COM, https://www.wish.com/careers.

[6] *See* Connie Loizos, *Wish is Raising Again, and Giving Late-Stage Investors Protection*, TECHCRUNCH.COM (Oct. 28, 2016), https://techcrunch.com/2016/10/28/wish-is-raising-again-and-giving-late-stage-investors-protection/.

[7] *See* Deena M. Amato-McCoy, *Study: Teens Twice as Likely to Shop Online Than Adults,* CHAINSTOREAGE.COM (Oct. 16, 2017), https://www.chainstoreage.com/technology/study-teens-twice-likely-shop-online-adults/.

[8] *See* Marianne Wilson, *Teens hot on Black Friday, but cool on Cyber Monday*, CHAINSTORAGE.COM (Nov. 29, 2017), https://www.chainstoreage.com/real-estate/teens-hot-black-friday-cool-cyber-monday/.

[9] *See* Parmy Olson, *At $8.5 Billion, Shopping App 'Wish' Is Now Worth More Than Sears, Macy's and JC Penney Combined*, FORBES, https://www.forbes.com/sites/parmyolson/2017/09/20/wish-8-billion-funding-amazon/#c360ab961e1d.

26.     Wish aggressively uses the internet, including Facebook, Google and Pinterest, to market itself and the products offered for sale and/or sold by its third-party merchant users to potential consumers, particularly in the U.S.  For example, Wish is in the top-five largest advertisers on the aforementioned popular search engines and social media websites.[10]  In 2015, Wish spent approximately $100 million on advertisements on Facebook alone.[11]

27.     As recently addressed in news reports,[12] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on Wish,[13] an astronomical number of counterfeit and infringing products are offered for sale and sold on Wish at a rampant rate.[14]

28.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on Wish as well as potentially yet undiscovered additional online marketplace platforms.

29.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

---

[10] *See* SENSORTOWER, MOBILE ADVERTISING ATLAS, Q2 2017 REPORT, *available at* https://s3.amazonaws.com/sensortower-itunes/Quarterly+Reports/Sensor-Tower-Q2-2017-Ad-Intel-Data-Digest.pdf?=landing.
[11] *See* Jason Del Rey, *Meet Wish, the $3 Billion App That Could Be The Next Walmart*, RECODE (Dec. 28, 2015), https://www.recode.net/2015/12/28/11621724/meet-wish-the-3-billion-app-that-could-be-the-next-walmart.
[12] *See* Andi Sykes, *Specialized Wages Ware on Counterfeiters* (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/
[13] *See, e.g.*, *Specialized Bicycle Components, Inc. v. in-style1820, et al*., Civil Case No. 16-cv-62711 (S.D. Fl. Nov. 17, 2016) and *David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Civil Case No. 17-cv-7763 (N.D. Ill., Nov.1, 2017).
[14] *See* Tom Hoffarth, *Lakers' Wish List Cheapened by the Dozen*, DAILY NEWS (Sept. 22, 2017), http://www.dailynews.com/2017/09/22/hoffarth-lakers-wish-list-cheapened-by-the-dozen/.

## Defendants' Wrongful and Infringing Conduct

30.     Particularly in light of WowWee and the Fingerlings Products' successes, as well as the reputation they have built, WowWee and their Fingerlings Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation and fame that WowWee amassed in their Fingerlings Products, the works embodied in the Fingerlings Works and the Fingerlings Marks, and Plaintiffs investigate and enforce against such activities.

31.     As part of these efforts, Plaintiffs retained New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on Wish.

32.     Through NAL's investigative and enforcement efforts, Plaintiffs learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Fingerlings Marks and/or Fingerlings Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Fingerlings Marks and/or Fingerlings Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Fingerlings Marks and/or Fingerlings Works and/or products that are identical or confusingly or substantially similar to Fingerlings Products (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

33.     Defendants are not, and have never been, authorized by WowWee or any of their authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Fingerlings Products or to use the Fingerlings Works and Fingerlings Marks, or any marks or artwork that are confusingly or substantially similar to the Fingerlings Works or Fingerlings Marks.

34.     Defendants' Counterfeit Products are nearly indistinguishable from WowWee's Fingerlings Products, only with minor variations that no ordinary consumer would recognize.

35.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located in in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

36.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through Wish's own payment processing system ("Wish Payment System"), or through accounts with the payment processing agency PayPal, Inc. ("PayPal"), and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.  NAL's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the Counterfeit Products, which are included in **Exhibit D** attached hereto and incorporated herein by reference.

37.    For example, below on the left is an image of one of WowWee's Fingerlings Products, which typically retails for $14.99.  Depicted below on the right is a listing for Defendant qingyangxinxiu's Counterfeit Product ("qingyangxinxiu Infringing Listing" and "qingyangxinxiu Counterfeit Product," respectively).  The qingyangxinxiu Infringing Listing appears on  Defendant qingyangxinxiu's  Merchant  Storefront,  https://www.wish.com/c/59df0b20801b8b64cdcb3e88, and offers the qingyangxinxiu Counterfeit Product for $1.00 per item, using, featuring and/or incorporating one or more of theFingerlings Marks, the Fingerlings Works, and/or confusingly or substantially similar marks or artwork in the listing title "**WowWee Fingerlings** Zoe Baby Monkey Interactive Pet Turquoise TOY kids" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the qingyangxinxiu Counterfeit Product is virtually identical to one of the Fingerlings Products and features and/or incorporates one or more of the Fingerlings Works and Fingerlings Marks.  There is no question that the qingyangxinxiu Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of WowWee's Fingerlings Products or that the qingyangxinxiu Counterfeit Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of the Fingerlings Works and Fingerlings Marks:

**Fingerlings Product**                    **qingyangxinxiu Infringing Listing**

     

38.     By way of another example, below on the left is an image of one of WowWee's Fingerlings Products, which retails for $14.99.  Depicted below on the right is the listing for a Counterfeit Product offered for sale and/or sold by Defendant Quentin tin ("Quentin tin") ("Quentin tin Infringing Listing" and "Quentin tin Counterfeit Product," respectively).   The Quentin tin Infringing Listing appears on Quentin tin's Merchant Storefront, https://www.wish.com/c/59bcaec3cd36372179e530f8, and offers the Quentin tin Counterfeit Product for $13.00 per item, using, featuring and/or incorporating one or more of the Fingerlings Marks, the Fingerlings Works, and/or confusingly or substantially similar marks or artwork in the listing title "**WowWee Fingerlings** Baby Monkey Electronic Interactive Toy Robot Pet Kids W2 QUE" (emphasis added) and in the descriptions and/or product images in the body of the listing. Further, the Quentin tin Counterfeit Product is virtually identical to one of WowWee's Fingerlings Products and features and/or incorporates one or more of the Fingerlings Works and Fingerlings Marks.  There is no question that the Quentin tin Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of WowWee's Fingerlings Products

15

or that the Quentin tin Counterfeit Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of the Fingerlings Works and Fingerlings Marks:

**<u>Fingerlings Product</u>**                    **<u>Quentin tin Infringing Listing</u>**

        

39.    As another example, below on the left is an image of one of WowWee's Fingerlings Products, which typically retails for $14.99.  Depicted below on the right is the listing for a Counterfeit Product offered for sale and/or sold by Defendant Rosewholesalebuying ("Rosewholesalebuying Infringing Listing" and "Rosewholesalebuying Counterfeit Product," respectively).  The Rosewholesalebuying Infringing Listing appears on Rosewholesalebuying's Merchant Storefront,  https://www.wish.com/c/59c5d6d88edd18333af6291a,  and offers the Rosewholesalebuying Counterfeit Product for $1.00 per item, using, featuring and/or incorporating one or more of the Fingerlings Marks, the Fingerlings Works, and/or confusingly or substantially similar marks or artwork in the listing title "**WowWee Fingerlings** Zoe Baby Monkey Interactive Pet Turquoise TOY kids" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the Rosewholesalebuying Counterfeit Product

is virtually identical to one of WowWee's Fingerlings Product and features and/or incorporates one or more of the Fingerlings Works and Fingerlings Marks.  There is no question that the Rosewholesalebuying Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of WowWee's Fingerlings Products or that the Rosewholesalebuying Counterfeit Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of the Fingerlings Works and Fingerlings Marks:

<table>
<tr><td align="center"><b><u>Fingerlings Products</u></b></td><td align="center"><b><u>Rosewholesalebuying Infringing Listing</u></b></td></tr>
<tr><td align="center"></td><td align="center"></td></tr>
</table>

40.     By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated WowWee's exclusive rights in the Fingerlings Works and Fingerlings Marks, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of the Fingerlings Works and Fingerlings Marks in order to confuse consumers into believing that such Counterfeit Products are Fingerlings Products and aid in the

promotion and sales of their Counterfeit Products. Defendants' conduct began long after WowWee's adoption and use of the Fingerlings Works and Fingerlings Marks, after WowWee obtained the federal registrations in the Fingerlings Works and Fingerlings Marks, as alleged above, and after WowWee's Fingerlings Products, Fingerlings Works and Fingerlings Marks became well-known to the purchasing public.

41. Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of WowWee's ownership of the Fingerlings Works and Fingerlings Marks, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Fingerlings Products, and in bad faith adopted the Fingerlings Works and Fingerlings Marks.

42. Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to WowWee's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of WowWee, the Fingerlings Marks, Fingerlings Works and Fingerlings Products.

43. Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with WowWee, thereby damaging WowWee.

44. In engaging in these actions, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to WowWee: infringed and counterfeited the Fingerlings Marks, infringed the Fingerling Works,

committed unfair competition and unfairly and unjustly profited from such activities at WowWee's expense.

45.     Unless enjoined, Defendants will continue to cause irreparable harm to WowWee.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act,
15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)))**

46.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47.     WowWee is the exclusive owner of all right and title to the Fingerlings Marks.

48.     WowWee has continuously used the Fingerlings Marks in interstate commerce since on or before the dates of first use as reflected in the registrations attached hereto as **Exhibit B**.

49.     Without WowWee's authorization or consent, with knowledge of WowWee's well-known and prior rights in their Fingerlings Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Fingerlings Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Fingerlings Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

50.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with WowWee, in or affecting interstate commerce, and/or

have acted with reckless disregard of WowWee's rights in and to the Fingerlings Marks through their participation in such activities.

51.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Fingerlings Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by WowWee, thereby making substantial profits and gains to which they are not entitled in law or equity.

52.     Defendants' unauthorized use of the Fingerlings Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by WowWee or their authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Fingerlings Marks.

53.     Defendants' actions constitute willful counterfeiting of the Fingerlings Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

54.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to WowWee, their business, their reputations and their valuable rights in and to the Fingerlings Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which WowWee has no adequate remedy at law, and unless immediately enjoined, Defendants

will continue to cause such substantial and irreparable injury, loss and damage to WowWee and their valuable Fingerlings Marks.

55.     Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Infringement of Registered Trademarks)**
**[115 U.S.C. § 1114/Lanham Act § 32(a)]**

56.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57.     WowWee has continuously used the Fingerlings Marks in interstate commerce since on or before the dates of first use as reflected in the registrations attached hereto as **Exhibit B**.

58.     WowWee, as owner of all right, title and interest in and to the Fingerlings Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

59.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that WowWee is the owner of the federal trademark registrations for the Fingerlings Marks.

60.     Defendants did not seek and thus inherently failed to obtain consent or authorization from WowWee, as the registered trademark owner of the Fingerlings Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display,

retail, offer for sale and/or sell Fingerlings Products and/or related products bearing the Fingerlings Marks into the stream of commerce.

61.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Fingerlings Marks and/or which are identical or confusingly similar to the Fingerlings Marks.

62.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Fingerlings Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

63.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that WowWee is the owner of all rights in and to the Fingerlings Marks.

64.     Defendants' egregious and intentional use of the Fingerlings Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are WowWee's Fingerlings Products or are otherwise associated with, or authorized by, WowWee.

65.     Defendants' actions have been deliberate and committed with knowledge of WowWee's rights and goodwill in the Fingerlings Marks, as well as with bad faith and the intent

to cause confusion, mistake and deception.

66.     Defendants' continued, knowing, and intentional use of the Fingerlings Marks without WowWee's consent or authorization constitutes intentional infringement of WowWee's federally registered Fingerlings Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

67.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, WowWee has suffered substantial monetary loss and irreparable injury, loss and damage to their business and their valuable rights in and to the Fingerlings Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to WowWee and their valuable Fingerlings Marks.

68.     Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

69.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

70.     WowWee, as the owner of all right, title and interest in and to the Fingerlings Marks, has standing to maintain an action for false designation of origin and unfair competition

under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

71.     The Fingerlings Marks are inherently distinctive and/or have acquired distinctiveness.

72.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Fingerlings Marks and Fingerlings Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Fingerlings Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiffs and/or that Defendants are affiliated, connected or associated with WowWee, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the Fingerlings Marks and Fingerlings Works, to Defendants' substantial profit in blatant disregard of WowWee's rights.

73.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of WowWee's Fingerlings Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Fingerlings Marks and Fingerlings Works, Defendants have traded off the extensive goodwill of WowWee and their

Fingerlings Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with WowWee.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee and their Fingerlings Marks, which Plaintiffs have amassed through their nationwide marketing, advertising, sales and consumer recognition.

74.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the Fingerlings Marks and Fingerlings Works would cause confusion, mistake or deception among purchasers, users and the public.

75.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of WowWee, their Fingerlings Products, Fingerlings Marks and Fingerlings Works.

76.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to WowWee by depriving WowWee of sales of their Fingerling Products and by depriving WowWee of the value of their Fingerlings Marks and Fingerlings Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to WowWee and the goodwill and reputation associated with the value of Fingerlings Marks and Fingerlings Works.

77.     Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief

as well as monetary damages and other remedies as provided by the Lanham Act, including damages that WowWee has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

78.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

79.     WowWee is the exclusive owner of the Fingerlings Works.

80.     Defendants had actual notice of WowWee's exclusive rights in and to the Fingerlings Works.

81.     Defendants did not attempt and therefore inherently failed to obtain WowWee's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market WowWee's Fingerlings Products and/or Fingerlings Works.

82.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Fingerlings Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Fingerlings Works, or artwork that is, at a minimum, substantially similar to the Fingerlings Works.

83.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the Fingerlings Works, including WowWee's exclusive rights to reproduce, distribute and/or sell such Fingerlings Works in violation of 17 U.S.C. § 501(a).

84.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to WowWee in an amount as yet unknown but to be proven at trial, for which WowWee has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to WowWee.

85.      Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief, WowWee's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

86.      WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

87.     Through Defendants' unlawful, unauthorized and unlicensed use of the Fingerlings Works and/or Fingerlings Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to WowWee's Fingerlings Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

88.     Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure

WowWee's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

89.     As a result of Defendants' actions alleged herein, WowWee has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

90.     Pursuant to N.Y. Gen. Bus. Law. § 349(h), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(False Advertising Unlawful)**
**[N.Y. Gen. Bus. Law § 350]**

91.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

92.     Without the authorization of WowWee, Defendants have used the Fingerlings Works and/or Fingerlings Marks and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Fingerlings Works and/or Fingerlings Marks in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly or substantially similar to WowWee's Fingerlings Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

93.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure WowWee's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

94.     As a result of Defendants' actions alleged herein, WowWee has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

95.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

96.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

97.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of WowWee and their Fingerlings Products to induce, and did induce and intends and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with WowWee.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee which WowWee has amassed through their nationwide marketing, advertising, sales and consumer recognition.

98.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of WowWee's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

99.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing,

promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

100.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of WowWee's rights, and for the wrongful purpose of injuring WowWee and their competitive position while benefiting Defendants.

101.     As a direct and proximate result of Defendants' aforementioned wrongful actions, WowWee has been and will continue to be deprived of substantial sales of their Fingerlings Products in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law, and WowWee has been and will continue to be deprived of the value of their Fingerlings Works and Fingerlings Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law.

102.     As a result of Defendants' actions alleged herein, WowWee is entitled to injunctive relief, an order granting WowWee's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

**EIGHTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**[New York Common Law]**

103.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

104.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

105.     Defendants' retention of monies gained through their deceptive business practices,

infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, WowWee prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.     In the alternative to Defendants' profits and WowWee's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which WowWee may elect prior to the rendering of final judgment;

C.     For an award of Defendants' profits and WowWee's damages in an amount to be proven at trial for willful trademark infringement of their federally registered Fingerlings Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.     For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the

Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of WowWee's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of WowWee's Fingerlings Works under 17 U.S.C. § 501(a);

F.      In the alternative to WowWee's actual damages and Defendants' profits for copyright infringement of the Fingerlings Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which WowWee may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

        i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing

in the Infringing and/or Counterfeit Products;

ii.  directly or indirectly infringing in any manner any of WowWee's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks or Fingerlings Works;

iii.  using any reproduction, counterfeit, copy or colorable imitation of WowWee's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works to identify any goods or services not authorized by WowWee;

iv.  using any of WowWee's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Works or Fingerlings Marks, or any other marks or artwork that are confusingly or substantially similar to the Fingerlings Works or Fingerlings Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

Defendants with WowWee, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by WowWee;

vi.   engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with WowWee;

viii.   engaging in any other act in derogation of WowWee's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.   from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account

is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.      For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to WowWee for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of WowWee's trademarks, copyrights or other rights including, without limitation, the Fingerlings Works or Fingerlings Marks, or bear any

marks that are confusingly or substantially similar to the Fingerlings Works or Fingerlings Marks;

M.     For an order of the Court requiring that Defendants deliver up for destruction to WowWee any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of WowWee's trademarks, copyrights or other rights including, without limitation, the Fingerlings Works or Fingerlings Marks, or bear any marks that are confusingly or substantially similar to the Fingerlings Works or Fingerlings Marks pursuant to 15 U.S.C. § 1118;

N.     For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.     For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to WowWee;

P.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.     For WowWee's reasonable attorneys' fees;

R.     For all costs of suit; and

S.     For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

WowWee respectfully demands a trial by jury on all claims.

Dated: January 24, 2018           Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: _____

Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc., and*
*WowWee USA, Inc.*