UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



WowWee Group Ltd., *et al.*,

        Plaintiffs,

—v—

Meirly, *et al.*,

        Defendants.

18-CV-706 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

This is a trademark infringement action brought by Plaintiffs WowWee Group Ltd., WowWee Canada, Inc., and WowWee USA, Inc. against 83 Defendants. On March 27, 2019, the Court issued a Final Default Judgment as to Plaintiffs' federal claims, as well as one of its state claims against 45 defaulting defendants. It also granted a post-judgment asset freeze pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5222. *See* Dkt. No. 84, at 12. However, the Court denied Plaintiffs' request for a broader post-judgment asset freeze based on Rule 65, the Lanham Act, and the Court's equitable powers, as explained in its Opinion and Order. *See WowWee Group Ltd. v. Meirly*, Case No. 18-cv-706, 2019 WL 1375470 (S.D.N.Y. March 27, 2019) [hereafter, "DJ Op."]. Now before the Court is Plaintiffs' motion for reconsideration of the denial of the asset freeze and transfer. *See* Dkt. No. 90, 91. For the following reasons, the Court DENIES Plaintiffs' motion for reconsideration.

I.     BACKGROUND

The Court assumes the parties' familiarity with the factual history of this trademark action. *See* DJ Op. at *1-2.

In its March 2019 Opinion and Order, the Court granted the Plaintiffs' motion for default

1

judgment against the 45 defaulting defendants. *See* DJ Op. at *1 n.1. The Court granted the motion on the Plaintiffs' trademark counterfeiting, trademark infringement, false designation of origin, and copyright infringement claims. It also granted the motion with respect to Plaintiffs' unfair competition claim under New York law. As a remedy, the Court granted permanent injunctive relief and statutory damages, but denied Plaintiffs' request for a post-judgment asset freeze or transfer pursuant to Rule 65, the Lanham Act, and the Court's equitable powers. DJ Op. at *7-*11. However, in its Judgment the Court did grant an asset freeze pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5222. *See* Dkt. No. 84, at 12. On April 1, 2019, Plaintiffs requested that the Court continue the preliminary injunction order issued on February 8, 2018 pending a motion for reconsideration. Dkt. No. 87. On April 8, the Court denied the continuation request. Dkt. No. 88. Now, Plaintiffs seek reconsideration of the denial of the post-judgment asset freeze and asset transfer. Dkt. No. 90, 91.

## II. LEGAL STANDARD

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation omitted). A motion for reconsideration is not an opportunity to "relitigate an issue already decided," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), or to "advance new theories that the movant failed to advance in connection with the underlying motion." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). For this reason, a district court has broad discretion in deciding a motion for reconsideration.

A motion for reconsideration should only be granted "when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

### III. DISCUSSION

#### A. Asset Freeze

Plaintiff moves for reconsideration of the Court's denial of its requested asset freeze. As an initial matter, the Court notes that Plaintiffs appear to be under the mistaken impression that the Court's Opinion and Judgment failed to grant any asset freeze at all. That is, Plaintiffs appear to be unaware that the Court did grant an asset freeze pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5222. The Court's Opinion explained that Plaintiffs "should turn to the remedies ordinarily applicable to enforcement of judgments at law under Rule 69 and N.Y. C.P.L.R. § 5222" in order to freeze Defendants' assets. DJ Op. at *11. Moreover, the Judgment issued by the Court ordered that:

> In accordance with Rule 69 of the Federal Rules of Civil Procedure and Section 5222 of New York State's Civil Practice Law and Rules ("CPLR"), and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR.

3

Dkt. No. 84, at 12.

The Court therefore did order an asset freeze under Rule 69 and state law. What the Court denied was a broader asset freeze pursuant to Fed. R. Civ. P. 65, the Lanham Act, and the Court's inherent inequitable powers.

To the extent that Plaintiffs still seek this broader asset freeze, their request for reconsideration is denied. Plaintiffs do not "point to controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. Rather, Plaintiffs' briefing cites a number of Lanham Act cases where the Court ordered asset freezes pursuant to Rule 65. However, Plaintiffs do not cite any reasoning from those cases. Dkt. No. 91, at 6-7. The mere fact that other courts came out differently is not enough for this Court to reconsider its conclusion that Plaintiffs' sought-after asset freeze would not be "consistent with the logic of *Grupo Mexicano* and the post-judgment enforcement scheme embodied in the Federal Rules." DJ Op. at *11. Plaintiffs' motion for reconsideration regarding the asset freeze is denied.

### B. Asset Transfer

Plaintiffs also renew their request for an asset transfer order. When Plaintiffs initially moved for default judgment, they requested an asset transfer order that would essentially be an extension of an asset freeze under Fed. R. Civ. P. 65, the Lanham Act, and this Court's inherent equitable powers. Dkt. No. 64, at 21-22. They do so again in their motion for reconsideration. However, as in their asset freeze briefing, their briefing on an asset transfer cites only to cases that granted transfer orders, but does not actually provide any legal reasoning. Dkt. No. 91, at 8-9. This is not the "controlling decisions or data" required for the Court to reconsider its decision. *Shrader*, 70 F.3d at 257. The Court adheres to its conclusion that the only post-judgment remedies available to Plaintiffs are those under Rule 69 and state law.

In the alternative, Plaintiff now asks for an asset transfer order under Rule 69 and state law, specifically one made under N.Y. C.P.L.R. § 5225. That statute provides:

> Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. C.P.L.R. § 5225(a).

As a general matter, a motion for reconsideration cannot be used to "advance new theories that the movant failed to advance in connection with the underlying motion." *Parrish*, 253 F. Supp. 2d at 715. And to the extent that Plaintiffs' briefing is to be construed as a new motion for an asset transfer order under § 5225, it is denied. First, Plaintiffs have not shown that they gave proper "notice to the judgment debtor" of a § 5225 motion, as required by the statute. N.Y. C.P.L.R. § 5225(a). Second, Plaintiffs misunderstand the scope of § 5225. Orders issued under that statute are not to be directed towards a defendant's frozen assets generally, but rather to specific pieces of property. The Plaintiffs must show that "the judgment debtor is in possession or custody of money or other personal property in which he has an interest." *Id.* While some earlier filings reference payment services, Plaintiffs have failed to make this requisite showing. "[B]ecause Plaintiffs have not identified the particular property as to which they seek a turnover," their § 5225 motion "is denied without prejudice." *Bernard v. Lombardo*, Case No. 16-cv-863, 2016 WL 7377240, at *3 (S.D.N.Y. Nov. 23, 2016).

5

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration of the Court's March 27, 2019 Opinion and Order is DENIED. The Clerk of Court is respectfully directed to close this case.

This order resolves Dkt. No. 90.

Dated: January _____, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge